UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL REEDER,<br>    Plaintiff<br><br>v.<br><br>STATE OF CONNECTICUT,<br>ADMINISTRATOR,<br>UNEMPLOYMENT COMPENSATION<br>ACT,<br>    Defendant | CIVIL ACTION NO.<br>3-05-CV-1532 (JCH)<br><br><br><br><br>JUNE 19, 2007 |

**RULING ON PLAINTIFF'S MOTIONS FOR A NEW TRIAL [Doc. Nos. 16, 17, & 18]**

The plaintiff, Paul Reeder ("Reeder"), proceeding pro se, brought a complaint against the Administrator of the Unemployment Compensation Act of the State of Connecticut ("Administrator"). The Administrator found Reeder ineligible for unemployment compensation benefits, and the Board of Review of the Employment Security Appeals Division for the Connecticut Department of Labor ("Board") affirmed the Administrator's decision. Reeder v. Administrator, 88 Conn. App. 556, 556-57 (2005). The Connecticut Superior Court affirmed the Board's ruling, and the Connecticut Court of Appeals affirmed the judgment of the Superior Court. Id. The Connecticut Supreme Court denied Reeder's petition for certification for appeal. Reeder v. Administrator, 275 Conn. 918 (2005). On May 26, 2006, this court dismissed Reeder's Complaint with prejudice based on the doctrine of res judicata. See Ruling on Defendant's Motion to Dismiss ("Ruling") at 4 [Doc. No. 13]. Reeder now has filed a motion for relief from judgment pursuant Federal Rules of Civil Procedure 60(b).

Rule 60(b) identifies several reasons for which a party may be relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The Rule further provides that the motion be made "within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id. Reeder's motion, which is based on reasons (1), (2), and (3), was timely filed.

Nevertheless, the court will not grant Reeder's motion for a new trial. As far as the court can tell, Reeder appears to argue that this court had jurisdiction over his claims based on the Local Rules for the District of Connecticut and the court order on pre-trial deadlines. See Plf.'s Second Corrected Motion for New Trial ("Motion") at 2-3 [Doc. No. 18]. However, these Rules and order do not confer jurisdiction on the federal courts; the bases for such jurisdiction are found in 28 U.S.C. § 1331 (federal-question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). See Arbaugh v. Y&H Corp., 546 U.S. 500, 126 S.Ct. 1235, 1244 (2006) ("The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction.").

Additionally, Reeder challenges the Administrator's argument, as raised in the Motion to Dismiss [Doc. No. 4], that the Rooker-Feldman doctrine prevents the court from exercising jurisdiction in this case. In the instant motion, Reeder mistakenly

argues that the Administrator could not use this doctrine, because "[i]t applies only in cases brought by State Court."  See Plf.'s Second Corrected Motion for New Trial ("Motion") at 6 [Doc. No. 18].  In fact, the Rooker-Feldman doctrine is directed to the federal district courts, and provides that they lack subject matter jurisdiction over a case if the exercise of jurisdiction would result in the reversal or modification of a state court judgment.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) ("The Rooker-Feldman doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejecting of those judgments.").  In its prior Ruling, the court did not need to reach the issue of whether this narrow doctrine applied in Reeder's case, because it found that it lacked jurisdiction over Reeder's claims in the first instance, and also found that, even if it had jurisdiction, the doctrine of res judicata precluded the court from considering the merits of Reeder's claims.  See Ruling at 2-4.

For the foregoing reasons, the court DENIES the plaintiff's Motions for a New Trial [**Doc. Nos. 16, 17, & 18**].

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of June, 2007.

       /s/ Janet C. Hall  
       Janet C. Hall  
       United States District Judge